UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BEAZER HOMES CORP., | ) | C.A. NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| NATIONAL GRANGE MUTUAL INSURANCE | ) | |
| COMPANY, THE HARTFORD INSURANCE | ) | |
| COMPANY, NATIONWIDE INSURANCE | ) | |
| COMPANY, NGM INSURANCE COMPANY | ) | |
| a/k/a THE MAIN STREET OF AMERICA a/k/a, | ) | |
| THE MAIN STREET AMERICAN GROUP, | ) | |
| AMERICAN EMPIRE SURPLUS LINES, | ) | |
| CLARENDON AMERICA INSURANCE, and | ) | |
| USF INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, the Plaintiff above named, Beazer Homes Corp. ("Beazer"), complaining about the Defendants above named, alleges and states that:

1.     Beazer is a corporation organized under the laws of Tennessee, at all times referred to herein, having its principal place of business in the state of Georgia and conducts business in South Carolina. The St. Andrews Townhomes ("St. Andrews") were developed by Crossmann Communities of North Carolina, Inc. ("Crossmann"), which merged into Beazer Homes Investment Corp. ("BHIC") on April 17, 2002. On January 1, 2005, BHIC became Beazer Homes Investments, LLC and simultaneously transferred its Myrtle Beach Division ,which included St. Andrews, to Beazer Homes Corp.

2.     The Defendants, National Grange Mutual Insurance Company ("National Grange"),

The Hartford Insurance Company ("Hartford"), Nationwide Insurance Company ("Nationwide"), NGM Insurance Company a/k/a The Main Street of America a/k/a The Mainstreet American Group (collectively "NGM"), American Empire Surplus Lines ("American Empire"), USF Insurance Company ("USF") and Clarendon America Insurance ("Clarendon"), are all, upon information and belief, foreign corporations with their principal places of business in states other than Tennessee or Georgia. They are, however, all qualified to do business in South Carolina and do, upon information and belief, routinely conduct business in South Carolina in the form of providing, among other things, liability insurance coverage to the residents, citizens, and businesses of this state.

3.      Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Charleston division. Jurisdiction is derived via 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest; as well as the long arm statute by these Defendants continuous and systematic contact with South Carolina.

**History & Factual Allegations**

4.      This matter involves a dispute between insurers and an insured as to whether the insurers in this matter are obliged to defend the underlying lawsuit, identified in Paragraph 7, *supra*; and also indemnify its insured. Stated more succinctly, upon information and belief, Beazer is a named "additional insured" under several insurance policies issued by these Defendants. As an "additional insured" Beazer is owed, by these Defendants, certain duties and obligations, including the duty of fair dealing and good faith, under policies of insurance issued by the Defendants to various subcontractors who worked on the St. Andrews Townhomes.

5.      Upon information and belief, Beazer and/or its predecessor was the general

contractor/developer of St. Andrews. St. Andrews consisted of twenty-four (24) buildings which were substantially completed at various times, but were all completed between 2004 and February 23, 2006. Beazer used a number of subcontractors on the job to construct the project.

6.  Upon information and belief, the following subcontractors, among others, performed work at St. Andrews, to wit:  RWG, Inc., Concrete Placement of Myrtle Beach, Tropicana Pool Supply, Inc.,  Accurate Electric, Inc., Arias Masonry, LLC, The Painter Co., First Ocean Air, Inc., and JR the Trim Team.

7.  Upon information and belief, The St. Andrews Townhomes Homeowners' Association, Inc. and St. Andrews Townhomes Horizontal Property Regime commenced a civil action against Beazer in 2009 in Horry County, South Carolina. The case was styled as:  The St. Andrews Townhomes Homeowners' Association, Inc. And St. Andrews Townhomes Horizontal Property Regime v. Beazer Homes USA, Inc.; Civil Action No. 2009-CP-26-0121, ("the lawsuit").[1] The lawsuit was removed to federal court, third party claims against various subcontractors were asserted, compelled into arbitration[2], and remains pending.

8.  Following receipt of the lawsuit, Beazer defended the lawsuit and asserted claims against many of the subcontractors named in Paragraph 6, *supra*.[3]

9.  Upon information and belief, many, if not all of the subcontractors, were

---

[1]  The Plaintiff is not admitting any wrongdoing in the Lawsuit, rather, is identifying the lawsuit for purposes of this lawsuit and its impact on coverage. A copy of the lawsuit is attached as Exhibit A.

[2]  See St. Andrews Town Homeowners' Ass'n, Inc. v. Beazer Homes USA, Inc., 2010 WL 985385 (D.S.C. March 12, 2010).

[3]  A copy of the third party complaint is attached hereto as Exhibit B.

contractually required to and did, in fact, place Beazer on their own commercial general liability insurance policies as an additional insured. Each of the aforementioned subcontractors certificates of insurance are attached hereto collectively as Exhibit C.

10.    The following table is a matrix of the policies at issue in this matter:

| Insured | Insurer | Policy Number | Coverage Period | Coverage Limits |
|---------|---------|---------------|-----------------|-----------------|
| Accurate Electric, Inc. | National Grange Mutual Insurance | MP057950 | 4/26/06 thru 4/26/09 | $1 million per occurrence/$2 million aggregate |
| Arias Masonry, LLC | Hartford and USF | 22SBMBC5640 APP59857121 | 2/21/04 thru 2/21/08 5/20/08 thru 5/20/09 | $1 million per occurrence/$2 million aggregate |
| Concrete Placement of Myrtle Beach, Inc. | Hartford | 22BAFT3547 | 11/1/03 thru 11/1/06 | $1 million per occurrence/$2 million aggregate |
| First Ocean Air, Inc. | Nationwide | 61-32 PR 219950612200551 | 5/20/05 thru 5/20/06 | Unknown |
| JR Trim Team, Inc. | National Grange | MPS85877 | 4/21/04 thru 4/21/06 | $1 million per occurrence/$2 million aggregate |
| RWG, Inc. | American Empire | 5EP06652; 6EP07417; 6EX07418; 7EP08079 | 1/27/05 thru 1/27/08 | $1 million per occurrence/$2 million aggregate |
| RWG, Inc. | Clarendon American | DGA000299 | 1/27/04 thru 1/27/05 | $1 million per occurrence/$2 million aggregate |

-4-

| Tropicana Pool Supply, Inc. | Hartford | 22UENQS9895 | 10/7/05 thru 10/7/08 | $1 million per occurrence/$2 million aggregate |
|---|---|---|---|---|
| The Painter & Co. | Main Street Group | MPO35849 | 10/3/07 thru 10/3/08 | $1 million per occurrence/$2 million aggregate |

11.     Beazer was provided a certificate of insurance, as evidenced by Exhibit A, that it had been placed as an additional insured on many of the subcontractor's insurance policies. Beazer relied on those representations, as well as the certificates of insurance which reflect that Beazer is, in fact, an additional insured on the policies.

12.     Following receipt of the lawsuit, Beazer, at various times, tendered the lawsuit to the Defendants and demanded a defense, as well as indemnification under the terms and conditions of the policies and specifically referenced the additional insured certificates given to Beazer.

13.     In some instances, the Defendants acknowledged their obligation under the additional insured certificates. In others, the Defendants denied any obligation or have refused to respond to the tender; and, thus, by their silence have denied the obligations under the policies to Beazer.

14.     Upon information and belief, the subject insurance policies have a duty of defense; and also a duty of indemnity. Upon information and belief, those two duties are separate and distinct. Upon information and belief, South Carolina law applies to this dispute pursuant to SOUTH CAROLINA CODE ANN., § 38-61-10.

15.     Upon information and belief, the duty of defense is triggered by the allegations of the Complaint, and that the duty of defense is personal to each insurer and none are entitled to divide the duty. See Isle of Palms v. Monticello Ins. Co., 459 S.E.2d 318 (Ct. App. 1994); and Sloan

Constr. Co. v. Central Nat'l Ins. Co., 236 S.E.2d 818 (S.C. 1977). The allegations of the Complaint, in conjunction with information that is available during the course of the proceeding, reflect that allegations are made with the subcontractors work which has resulted in property damage to work other than their own work; and thus, the possibility of coverage exists under the policies triggering their duty of defense.

16.     Upon information and belief, American Empire has accepted its obligation to defend Beazer on behalf of its insured RWG, Inc., as has Hartford on behalf of its insured, Concrete Placement of Myrtle Beach and Tropicana Pool and Supply, Inc.   These entities agreed in writing to provide a defense to Beazer at various times during 2009.   To date, however, none have provided a defense to Beazer or reimbursed any legal bills incurred by Beazer in association with their agreement and representation to provide the same.

17.     Accurate Electric, Inc., on the other hand, is insured by National Grange Insurance Company. They denied coverage on November 19, 2009. The Painter Co., is insured by NGM, and has denied coverage to Beazer.  First Ocean Air, Inc. is insured with Nationwide and has denied coverage to Beazer. JR the Trim Team is also insured by National Grange and has refused to respond to the tender; as does USF who insured Arias Masonry.  Clarendon Insurance Company insured RWG, Inc., and has not staked a position, but upon information and belief, is required to provide a defense and indemnity.  Upon information and belief, the denials and or refusal to respond is wrongful.  In short, all of the entities and carriers identified in Paragraph 10 have either refused to respond or have denied any obligation to Beazer.

18.     Upon information and belief, the policies issued by these Defendants are contracts of insurance which contain duties and obligations.  Among other things the policies contain a duty

of defense and a duty of indemnity.

19.     Upon information and belief, the Defendants were paid all premiums that were due and owing under these policies of insurance; and the Defendants did not rescind, cancel, or otherwise revoke coverage under the terms and conditions of the policies of insurance.

20.     Upon information and belief, the duty of defense is separate and distinct from the duty of indemnity. Upon information and belief, the Defendants refusal to defend Beazer and/or the denial of coverage is wrongful and in breach of the contract.

21.     The duty of defense is triggered by the allegations of the underlying complaint; and that information which is known to the insurer.

22.     Upon information and belief, all the Defendants policies contain substantially similar language to the following: We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. Upon information and belief, Beazer is an "additional insured" which qualifies as an "insured" under the policy.

23.     No judgment has been rendered at this time against Plaintiff, thus, the duty to indemnify is unknown and the declination of coverage is premature; and, in fact, any determination of an indemnity obligation is premature. On the other hand, the defense obligation is ripe.

24.     The Plaintiff has incurred and will continue to incur attorneys fees, costs, and expenses to which it is entitled to recover for the breach of the contract by these Defendants. These damages will continue to rise and are recoverable as damages. Pre-judgment interest is also claimed

on these monies.  These damages include the costs and attorney fees incurred in this case; but also the St. Andrews litigation.  See, Helger v. Gulf Ins. Co., 243 S.E.2d 443 (S.C. 1978).

### FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Action/Breach of Contract)

25.     Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     Plaintiff is informed and believes that this Honorable Court has the power pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201 to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

27.     The Plaintiff seeks a declaration from this Court that the duty of defense is triggered and the Defendants are obligated to defend the lawsuit; as well as indemnify its insured.

28.     The Plaintiff seeks attorneys fees and costs as allowed for by law in the underlying suit; as well incurred in this action.

WHEREFORE, the Plaintiff prays that this Honorable Court issue an Order declaring that the Defendants are required to defend and indemnify the Plaintiff.   The Plaintiff seeks reimbursement of all defense costs in the underlying litigation that was paid, pre-judgment and post judgment interest, costs of this action, attorneys fees, and for such other and proper relief this Court deems appropriate.


### [SIGNATURE INTENTIONALLY ON FOLLOWING PAGE]

Dated this  15th  day of September, 2010.

ELMORE & WALL, P.A.

  s/ Morgan S. Templeton
Morgan S. Templeton (Fed ID # 7187)

145 King Street, Suite 302 (29401)
Post Office Box 1200
Charleston, South Carolina 29402
(843)329-9500

-and-

L. Franklin Elmore (Fed ID # 718 )
Kimila L. Wooten (Fed ID #5525)
301 North Main Street, Ste. 2000 (29601)
Post Office Box 1887
Greenville, South Carolina 29602
(864)255-9500
Attorneys for Plaintiff