# EXHIBIT "A"

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) <br> ) <br> The St. Andrews Townhomes Homeowners' ) <br> Association, Inc. and St. Andrews Townhomes ) <br> Horizontal Property Regime, ) <br> **Plaintiff(s)** ) <br> ) <br> vs. ) <br> ) <br> Beazer Homes USA, Inc., ) <br> **Defendant(s)** ) | IN THE COURT OF COMMON PLEAS <br><br> CIVIL ACTION COVERSHEET <br><br> 2009 CP 26 0121 |

| | |
|---|---|
| (Please Print) <br> Submitted By: Luther O. McCutchen, III <br> Address: McCutchen, Mumford, Vaught, O'Dea & Geddie <br> 4610 Oleander Drive, Suite 203 <br> Myrtle Beach, SC 29577 | SC Bar #: 3763 <br> Telephone #: (843) 449-3411 <br> Fax #: (843) 449-2317 <br> Other: <br> E-mail: lom@lawyersatthebeach.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] JURY TRIAL demanded in complaint.     [ ] NON-JURY TRIAL demanded in complaint.
[ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| Constructions (100) | Dental Malpractice (200) | Assault/Slander/Libel (300) | Claim & Delivery (400) |
| Debt Collection (110) | Legal Malpractice (210) | Conversion (310) | Condemnation (410) |
| Employment (120) | Medical Malpractice (220) | Motor Vehicle Accident (320) | Foreclosure (420) |
| General (130) | Notice/ File Med Mal (230) | Premises Liability (330) | Mechanic's Lien (430) |
| Breach of Contract (140) | Other (299) | Products Liability (340) | Partition (440) |
| Other (199) | | Personal Injury (350) | Possession (450) |
| | | Wrongful Death (360) | Building Code Violation (460) |
| | | [X] Other (399) **Construction defect** | Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| PCR (500) | Death Settlement (700) | Reinstate Driver's License (800) | Arbitration (900) |
| Mandamus (520) | Magistrate's Judgment (720) | Relief (820) | Magistrate-Criminal (920) |
| Habeas Corpus (530) | Minor Settlement (730) | Permanent Injunction (830) | Municipal (930) |
| Other (599) | Transcript Judgment (740) | Forfeiture-Petition (840) | Probate Court (940) |
| | Lis Pendens (750) | Forfeiture—Consent Order (850) | SCDOT (950) |
| | Other (799) | Other (899) | Worker's Comp (960) |
| | | | Zoning Board (970) |
| | | | Administrative Law Judge (980) |
| | | | Public Service Commission (990) |
| | | | Employment Security Comm (991) |
| | | | Other (999) |

| Special/Complex /Other | |
|---|---|
| Environmental (600) | Pharmaceuticals (630) |
| Automobile Arb. (610) | Unfair Trade Practices (640) |
| Medical (620) | Out-of State Depositions (650) |
| Other (699) | Sexual Predator (510) |

Submitting Party Signature: _Luther O. McCutchen III_     Date: _1/06/09_

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**
Allendale, Anderson, Beaufort, Colleton, Florence, Greenville,
Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CIVIL ACTION NO.: 2009-CP-26-_____ |

The St. Andrews Townhomes )
Homeowners' Association, Inc. and )
St. Andrews Townhomes Horizontal )
Property Regime, )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　 )
v. 　　　　　　　　　　　　　　　　　)　　　SUMMONS
　　　　　　　　　　　　　　　　　　 )
Beazer Homes USA, Inc., )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendant. )

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiffs' attorneys, McCutchen, Mumford, Vaught, O'Dea & Geddie, P.A., at 4610 Oleander Drive, Suite 203, Oleander Center, Myrtle Beach, South Carolina, within *thirty (30)* days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiffs in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint. Your Answer must be in writing and signed by you or by your attorney and you must state your address or the address of your attorney, if signed by your attorney.

**[SIGNATURE ON FOLLOWING PAGE]**




                    McCUTCHEN, MUMFORD, VAUGHT,
                    O'DEA & GEDDIE, PA

                    _____
                    Luther O. McCutchen, III
                    South Carolina Bar No.: 3763

                    _____
                    Patrick F. O'Dea
                    South Carolina Bar No.: 4262
                    4610 Oleander Drive, Suite 203
                    Myrtle Beach, SC 29577
                    (843) 449-3411

                    Attorneys for Plaintiffs

January 6, 2009
Myrtle Beach, South Carolina

Page 2 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) | IN THE COURT OF COMMON PLEAS <br> FIFTEENTH JUDICIAL CIRCUIT <br> CIVIL ACTION NO.: 2009-CP-26-_____ |
| The St. Andrews Townhomes <br> Homeowners' Association, Inc. and <br> St. Andrews Townhomes Horizontal <br> Property Regime, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **COMPLAINT** <br> (Jury Trial Demanded) |
| Beazer Homes USA, Inc., ) ) | |
| Defendants. ) ) | |

The Plaintiffs, complaining of Defendants above named, would respectfully allege and show unto this Honorable Court as follows:

1.  The Plaintiff, The St. Andrews Townhomes Horizontal Property Regime (hereinafter occasionally referred to as "Regime"), is a horizontal property regime located in Horry County, South Carolina and is organized and existing pursuant to the laws of the State of South Carolina as provided for in the Horizontal Property Act found in Section 27-31-10, *et seq.*, Code of Laws of South Carolina (1976), as amended. This Regime was established by that Master Deed dated May 24, 2004 and recorded May 26, 2004 in the office of the Register of Deeds for Horry County, South Carolina, in Deed Book 2739 at Page 851, *et seq.*, together with any and all amendments thereto.

2.  The Plaintiff, The St. Andrews Townhomes Homeowners Association, Inc. (hereinafter occasionally referred to as "Association") is a non-profit, eleemosynary corporation organized and existing pursuant to the laws of the State of South Carolina, with its only office and principal place of business being in Horry County, South Carolina. The Association was

formed to manage and administer the affairs of the Regime to include, but not be limited to, the maintenance and repair of the property of the Regime. The Regime and the Association shall hereinafter collectively be referred to as the "Plaintiff" or the "Association."

3. The Defendant, Beazer Homes USA, Inc., is a corporation organized and existing pursuant to the laws of one of the states in the United States and is the successor in interest to Crossman Communities of North Carolina, Inc. which was the Successor by Merger to River Oaks Golf Development Corporation. The original Developer was Crossman Communities of North Carolina, Inc. in its position as Successor by Merger as referenced above. The Defendant Beazer Homes USA, Inc. as successor in interest to Crossman Communities of North Carolina, Inc. was, at all times relevant hereto, conducting business in Horry County, South Carolina as the Developer of the St. Andrews Townhomes Horizontal Property Regime. Hereinafter, Beazer Homes USA, Inc. shall occasionally be referred to as "Beazer" or the "Developer." Developer did hold title to certain real estate in Horry County, South Carolina, which was developed into the St. Andrews Townhomes Horizontal Property Regime condominium project. Beazer Homes, as Developer, did develop, sell and market individual condominium units in the St. Andrews project and is responsible for the liabilities and debts of the Developer for paying any judgment rendered against the Developer and any obligations determined to be due by the Developer.

4. Upon information and belief, the Defendant Beazer Homes USA, Inc., as the successor in interest to Crossman Communities of North Carolina, Inc., is also the successor in interest to Pinehurst Builders, Inc., which was the original contractor for aspects of the building construction of the St. Andrews project and which was likewise acquired by Crossman Communities of North Carolina, Inc. As the successor in interest, Beazer was, and is, responsible for the construction by Pinehurst and, in addition, constructed substantial aspects of

the buildings and properties of the St. Andrews project. Hereinafter, Beazer Homes USA, Inc. shall occasionally be referred to as "Beazer," the "General Contractor" or the "Contractor." As such, Beazer is responsible for the liabilities and debts of the Contractor and for paying any judgment rendered against the Contractor or for Contractor responsibilities at the St. Andrews Project.

5. As a result of the foregoing allegations, the Defendant, Beazer Homes USA, Inc., as Developer and Contractor, is subject to the jurisdiction of this Court. Further, the actions, conduct and agreements of Beazer at all times contemplated the construction and the sale of condominium units and condominium property to individual purchasers and the formation of a Regime with the Plaintiff being charged with the responsibility for maintenance and repair of the general and limited common elements. Beazer knew, or should have known, that the Plaintiff would be charged with the responsibility for the care, maintenance, upkeep and supervision of the property after the full transfer of the control of power from the Developer and Developer appointed Board of Directors for St. Andrews to the properly elected Board of Directors by the owners in the Association.

6. Beazer owed duties to the Plaintiff in the completion and performance of the work in reference to the development, construction, design, oversight, supervision and placement in the stream of commerce of the St. Andrews Townhouses units, and the Association was required to hire a forensic engineer to investigate and determine the scope and nature of deficiencies which exist at the project and the problems and consequences resulting from those deficiencies. In the scope of that investigation, which included destructive testing, the Plaintiff has found violations of building codes, good workmanship practices, and manufacturer specifications in the development, construction, design, oversight and supervision of the project, which has resulted

in water intrusion, wood degradation and resulting rot, elevated moisture levels and content in the buildings including, but not limited to, various areas in which water penetration has occurred into the buildings due to faulty construction and other areas of damage resulting from the actions and omissions set forth herein.

    7.    Forensic investigation and inspection of the buildings in the St. Andrews project have resulted in the discovery of numerous construction and safety defects and deficiencies and violations of building codes, good workmanship practices and manufacturer specifications. Upon information and belief, the problems and/or defects at the project are a result of defective construction, including oversight and supervision. The defects and construction complained of include, but are not limited to, the following:

    a)    Failure to install proper waterproofing and complete waterproofing details;

    b)    Failure to install proper waterproofing and flashing at roof to wall and wall to wall intersections;

    c)    Failure to use proper sealants in conjunction with the waterproofing system;

    d)    Failure to properly prepare wall openings and install windows;

    e)    Improper and incomplete shingle attachment;

    f)    Installation of unprotected PVC vent pipes;

    g)    Improper installation of roof underlayment including the eave junctures;

    h)    Improper construction of gable roof/main roof intersections;

    i)    Failure to install metal fascia at roof termination areas;

    j)    Failure to properly install shingles in accordance with building code requirements;

    k)    Improper attic fan installation and wiring;

    l)    Failure to provide proper and adequate fire protection between the townhomes as called for building codes;



m) Improper and incomplete installation of hurricane straps at various junctures;

n) Improper and incomplete construction of OSB wall sheathing and roof deck;

o) Improper installation of brick veneer;

p) Improper installation of weepholes in brick veneer;

q) Improper installation of brick veneer at window frame junctures;

r) Improper installation of vinyl siding;

s) Failure to provide proper spacing with the installation of vinyl siding against composition roof shingles;

t) Failure to complete installation of building wrap;

u) Improper installation of building wrap;

v) Improper installation of vinyl siding at grade;

w) Improper installation of anchor bolts, including inadequate spacing between the anchor bolts that were noticed;

x) Improper and incomplete flashing and weather barrier installation at window to OSB junctures; and

y) Failure to install proper and adequate caulk at window nailing flange areas.

z) Improper and incomplete truss installation and attachment;

aa) Improper and deficient construction of pool and hot tub;

bb) Improper and deficient installation and construction of irrigation system;

cc) Improper and deficient bank installation of the roads, curbs and road beds of the project;

dd) Improper and deficient driveway and patio construction;

ee) Improper and incomplete dryer vent installation;

ff) Improper HVAC piping installation; and

gg) Improper project grading.

8. As a direct and proximate result of the construction defects and deficiencies and violations of building codes, good workmanship practices and manufacturer specifications at the project, the project as a whole is damaged and is defectively constructed and has further been damaged to include moisture intrusion, mold, building envelope and wood degradation, and other noted and asserted deficiencies and defects. Water intrusion has occurred as a result of various construction deficiencies and defects which are in violation of various building codes and manufacturer specifications.

9. As a direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of the Defendant Beazer Homes USA, Inc. as set forth herein and incorporated by reference, the buildings and improvements are improperly and defectively constructed and substantial parts of the buildings have been continuously and repeatedly exposed to leaks causing moisture infiltration resulting in mold, rot, deterioration and degradation of the buildings. In addition, deficiencies in waterproofing, flashing and other moisture control components of the buildings have failed, with the direct and consequential damage resulting in the premature failure of various components of the common elements of the buildings and other common elements. Further, products either individually and/or aggregately defectively installed and/or defective at the time of installation have caused the buildings and various portions of the common elements to be continuously and repeatedly exposed to excessive moisture resulting in mold, mildew, rot, rust and degradation of the various component parts of the common elements of the buildings and other common elements. The defective construction and/or the use of defective products will necessitate substantial repair of the buildings and its various component parts as well as other common elements including the pool, roadways, walkways, driveways and banks, in order to correct and remove the defective conditions and construction. The various

deficiencies noted and the incorporation of the defective products and/or products defectively installed created damage to various parts of the building and its pertinent common elements, as well as the building as a whole and the other common elements and will cause loss of use of portions of the building.

10. The Plaintiff is informed and believes that as the direct and proximate result of the totality of the foregoing construction defects, deficiencies and problems at the Project resulting in substantial damage, decay, rot and deterioration, the Plaintiff will have to, and shall be required to, expend substantial sums of money for the repairs and reconstruction costs for the buildings, common elements and limited common elements of the St. Andrews Townhomes Condominium Project for the expected life of the Project.

### FOR A FIRST CAUSE OF ACTION
(Negligence/General Contractor)

11. Each and every allegation set forth above is incorporated herein by reference as fully as if repeated verbatim.

12. Beazer Homes USA, Inc., as General Contractor, owed a duty to the Plaintiff to exercise that degree of skill necessary to construct, supervise and inspect, and review the design of, the buildings and otherwise deliver the buildings free of construction defects and designed and built in conformity with the generally accepted ordinary standards of the building and construction industry.

13. The deficiencies and defects which exist at the Project are the proximate and direct result of the negligence and/or gross negligence of Beazer, as the General Contractor, in one or more of the following particulars:

    a) In failing to properly construct the Project by deviating from the plans and specifications and by failing to employ practices and methods of construction conforming with accepted industry standards; and/or using

 

      defective materials; and/or installing materials not in accordance with the plans and specifications, or in violations of manufacturers' instructions;

b) In failing to properly failing to supervise the subcontractors and/or other trades in order to ensure that all work proceeded in accordance with the plans and specifications and also in conformity with the customary and ordinary standards of the construction industry;

c) In using, supplying and/or accepting non-conforming, substandard or defective materials;

d) In accepting and performing deficient and/or defective workmanship and/or materials, without proper inspection to ensure the work was correct and in conformity with industry standards and in accordance with the plans and specifications and the manufacturers' instructions;

e) In failing to inform the architect and/or Developer of the defects in the plans and specifications.

f) In installing materials in violation of the manufacturers' instructions;

g) In providing deficient or defective workmanship and/or materials, without proper inspections to ensure the work was correct and in conformity with the customary industry standards and in accordance with the plans and specifications and the manufacturers' instruction.

14. As a direct and proximate result and consequence of the negligence and gross negligence of the General Contractor, Plaintiff has suffered injuries and damages, in an amount equal to the extraordinary repair, maintenance and reconstruction cost required and to be required over the expected life of the structures and other improvements, loss of use, diminution in value and such punitive damages as may be appropriate.

## FOR A SECOND CAUSE OF ACTION
**(Breach of Express and Implied Warranty/General Contractor)**

15. Each and every allegation set forth above is incorporated herein by reference as fully as if repeated verbatim.

16. Upon information and belief, Beazer Homes USA, Inc., as General Contractor of the Project, made express warranties in connection with the construction of the Project that the buildings would be free of construction defects and deficiencies.

17. Beazer Homes USA, Inc., as General Contractor, also impliedly warranted that the Project would be constructed in a careful, diligent and workman-like manner, free of construction defects and in accordance with accepted industry and construction standards.

18. Beazer Homes USA, Inc. breached its express and implied warranties in one or more of the following particulars:

   a) In failing to properly construct the Project by deviating from the plans and specifications and by failing to employ practices and methods of construction conforming with accepted industry standards; and/or using defective materials; and/or installing materials not in accordance with the plans and specifications, or in violations of manufacturers' instructions;

   b) In failing to properly failing to supervise the subcontractors and/or other trades in order to ensure that all work proceeded in accordance with the plans and specifications and also in conformity with the customary and ordinary standards of the construction industry;

   c) In using, supplying and/or accepting non-conforming, substandard or defective materials;

   d) In accepting and performing deficient and/or defective workmanship and/or materials, without proper inspection to ensure the work was correct and in conformity with industry standards and in accordance with the plans and specifications and the manufacturers' instructions;

   e) In failing to inform the architect and/or Developer of the defects in the plans and specifications;

   f) In installing materials in violation of the manufacturers' instructions;

   g) In providing deficient or defective workmanship and/or materials, without proper inspections to ensure the work was correct and in conformity with the customary industry standards and in accordance with the plans and specifications and the manufacturers' instruction.

19.     As a direct and proximate result and consequence of Beazer's breach of its express and implied warranties, Plaintiffs have suffered injuries and damages in an amount equal to the extraordinary repair, maintenance and reconstruction costs required and to be required over the expected life of the structures and other improvements, loss of use and diminution in value.

## FOR A THIRD CAUSE OF ACTION
### (Negligence/Developer)

20.     Each and every allegation set forth above is incorporated herein by reference as fully as if repeated verbatim.

21.     Beazer Homes USA, Inc., as the Developer, owed duties to the Plaintiff to develop, design, construct, supervise and inspect the buildings of the Regime to insure they were free of construction and design defects, and that they were developed, designed and built in conformity with the customary and ordinary standards for like construction in the building and construction industry.

22.     In the design, development, construction, supervision and inspection of the Project, Beazer, as the Developer, owed a duty to the Plaintiff to insure that Beazer, as the Contractor hired to oversee the Project and construct the buildings, did so with the buildings being free of construction defects and deficiencies and built and designed in conformity with customary and ordinary standards found in the building and construction industry.

23.     The Developer was negligent and/or grossly negligent with regards to the development of the St. Andrews Townhomes Condominium Project and the deficiencies and defects which exist at the Project are the direct and proximate result of one or more of the following particulars in addition to those referenced above:

 

a) In failing to properly construct, or provide for the proper construction of the Project, by deviating or allowing the deviation from plans and specifications as designed and/or in failing to require the General Contractor to employ practices and methods of construction and construction oversight conforming to the normal, customary and ordinary standards of the construction and oversight industry;

b) In using and/or in allowing the use of substandard materials and products;

c) By allowing the installation of materials and products not in accordance with the Project's plans and specifications;

d) By allowing and/or accepting the installation of materials and products in violation of instructions and directions provided by product and material manufacturers;

e) By allowing or accepting the work to be performed in violation of the applicable building codes;

f) In failing to properly provide for or require proper supervision and oversight of employees, agents, and subcontractors to ensure that all work proceeded and was completed in accordance with the Project plans and specifications, industry standards, code requirements and customary and ordinary standards of the construction industry;

g) In accepting and/or allowing defective, substandard and/or non-conforming labor;

h) In accepting and/or allowing the performance of deficient, substandard and/or defective workmanship and/or materials in the Project without proper inspections to ensure that the work was completed; and

i) In failing to properly select a contractor so the Project could be designed and built by methods of construction in conformity with accepted industry standards.

24. As a direct and proximate result and consequence of the negligence and/or gross negligence by the Developer, Plaintiff has suffered injuries and damages in the amount equal to the extraordinary repair, maintenance and reconstruction costs required and expended, and to be required and expended, over the expected life of the structures and other improvements, loss of use, diminution in value and such punitive damages as may be appropriate.




## FOR A FOURTH CAUSE OF ACTION
### (Breach of Implied Warranties and Habitability and Fitness for Particular Purpose/Developer)

25. Each and every allegation set forth above is incorporated herein by reference as fully as if repeated verbatim.

26. Beazer, as the Developer, developed the St. Andrews Townhomes Condominium Project and sold the condominiums contained therein, along with their proportionate share of the common elements. In the sale of the condominium units, along with their proportionate share of the common elements, Developer made implied warranties of habitability and fitness for a particular purpose.

27. These Plaintiffs would allege and show that Beazer breached its implied warranties of habitability and fitness for a particular purpose by selling the condominium units along with their proportionate share of the common elements in an inferior and rapidly deteriorating condition with the buildings and common elements containing the defects and deficiencies set forth above.

28. As a direct and proximate result and consequence of the Developer's breach of its implied warranties, Plaintiff has suffered injuries and damages in the amount equal to the extraordinary repair, maintenance and reconstruction costs required and expended, and to be required and expended, over the expected life of the structures and other improvements, loss of use and diminution in value.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Express Warranty/Developer)

29. Each and every allegation set forth above is incorporated herein by reference as fully as if repeated verbatim.

 

30. Beazer, in its sale and marketing of the property of the St. Andrews Townhomes Condominium Project, represented and warranted that the condominium Project, including the individual units and common elements, was of the highest quality and the Developer breached its express warranty by marketing and selling the individual units to members of the Association with the condominium buildings having the defects and deficiencies set forth above.

31. As a direct and proximate result and consequence of the Developer's breach of its implied warranties, Plaintiff has suffered injuries and damages in the amount equal to the extraordinary repair, maintenance and reconstruction costs required and expended, and to be required and expended, over the expected life of the structure and other improvements, loss of use and diminution in value.

### FOR A SIXTH CAUSE OF ACTION
(Breach of Fiduciary Duty/Developer)

32. Each and every allegation set forth above is incorporated herein by reference as fully as if repeated verbatim.

33. Beazer, as Developer, had a fiduciary duty and duty of loyalty and good faith dealing to transfer all of the general and limited common elements to the control of the Association in a state of good repair. Beazer, having transferred substandard common elements with the defects and deficiencies set forth above, in the alternative is required to provide the Association with the funds necessary to bring the general and limited common elements up to a standard of reasonably good repair and condition.

34. Beazer breached its fiduciary duty and duty of loyalty and good faith dealing to the Association by transferring the common elements in a substandard and deficient condition without the funds necessary to bring them up to standard of good repair and condition.

   

35. As a direct and proximate result of Beazer's actions, the Plaintiff is informed and believes that it has been damaged and is entitled to actual damages in the amount equal to the funds necessary to be expended to bring the common elements up to a standard of good repair and condition, including all consequential damages resulting from the failure to transfer the common elements in a state of good repair and condition, together with punitive damages in an amount sufficient to punish the willful and deliberate conduct of this Defendant, attorneys fees and costs.

**WHEREFORE**, Plaintiff prays for a judgment against these Defendants, as herein set forth above, in an amount equal to all its actual, consequential, incidental and special damages, as this Court may deem appropriate and for such other and further relief as is deemed just and proper.

Respectfully submitted,

McCUTCHEN, MUMFORD, VAUGHT,
O'DEA GEDDIE, P.A.

_____
Luther O. McCutchen, III
SC Bar No.: 3763

_____
Patrick F. O'Dea
SC Bar No.: 4262

4610 Oleander Drive, Suite 203
Myrtle Beach, SC 29577
(843) 449-3411

Attorneys for Plaintiff

January ____, 2009
Myrtle Beach, South Carolina