**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| BEAZER HOMES CORP., ) | Case No.: 4:10-cv-02419-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CONSENT PROTECTIVE ORDER** |
| HARTFORD FIRE INSURANCE ) | **BETWEEN BEAZER HOMES CORP.** |
| COMPANY; NATIONWIDE MUTUAL ) | **AND NATIONWIDE MUTUAL FIRE** |
| FIRE INSURANCE COMPANY; NGM ) | **INSURANCE COMPANY** |
| INSURANCE COMPANY; AMERICAN ) | |
| EMPIRE SURPLUS LINES INSURANCE ) | |
| COMPANY; CLARENDON AMERICA ) | |
| INSURANCE; USF INSURANCE ) | |
| COMPANY; ALEA LONDON, LTD.; ) | |
| CERTAIN INTERESTED ) | |
| UNDERWRITERS AT LLOYD'S, ) | |
| LONDON; CINCINNATI INSURANCE ) | |
| COMPANY; DISCOVER PROPERTY & ) | |
| CASUALTY INSURANCE COMPANY; ) | |
| ESSEX INSURANCE COMPANY; ) | |
| SCOTTSDALE INSURANCE COMPANY; ) | |
| SELECTIVE INSURANCE COMPANY OF ) | |
| SOUTH CAROLINA; UNION INSURANCE ) | |
| COMPANY; and WESTERN WORLD ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Whereas, by Amended Order dated December 13, 2012 (Docket Entry Number 251) United States Magistrate Judge Thomas E. Rogers, III requiring the production of Beazer Homes Corp.'s ("Beazer") legal bills in the underlying St. Andrews Action to Nationwide Mutual Fire Insurance Company ("Nationwide") and to submit a proposed protective order that "specifically guards against the release of said legal bills to any attorney, insurance adjuster, or any other individual involved" in the underlying St. Andrews Action;

Whereas, Beazer and Nationwide agree to this Consent Protective Order ("Parties"), and have stipulated that Plaintiff's legal bills, expert witness bills, costs, and expenses are, and should be treated as, confidential, and have agreed to the terms of this order; accordingly, it is ORDERED:

1. **Scope.** All legal bills, expert witness bills, costs, and expenses of Beazer, whether produced in response to discovery requests, at deposition testimony or deposition exhibits shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by Beazer by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Depositions.** Portions of depositions and deposition exhibits dealing with Beazer's legal bills, expert witness bills, costs, and expenses shall be deemed confidential only if designated as such by Beazer when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

4. **Protection of Confidential Material.**

    a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by Nationwide or counsel for Nationwide or any other persons identified below for any purposes whatsoever other than preparing for and

conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.  **Specific Protections.**  Under no circumstance without the prior written approval of the Plaintiff or prior Order of this Court, shall Nationwide disclose, distribute or disseminate such documents designated as CONFIDENTIAL to any attorney, insurance adjuster, or other individual in the underlying St. Andrews Action. *<u>The Parties specifically acknowledge that any such unauthorized disclosure, distribution or dissemination shall be deemed to be contemptible conduct and a violation of this Orde</u>*<u>r</u>.

c.  **Limited Third Party Disclosures.**  Nationwide shall not disclose or permit the disclosure or dissemination of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)  counsel and employees of counsel for Nationwide who have responsibility for the preparation and trial of this lawsuit;

(2)  employees of Nationwide but only to the extent Nationwide's counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed and has no direct involvement for the party in the St. Andrews Action[1];

---

[1] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment A hereto), counsel shall complete a certification in the form shown at Attachment B hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

3

    (3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this lawsuit; and

    (5) other persons only upon written consent of the Plaintiff or upon order of the court and on such conditions as are agreed to or ordered.

  d. **Control of Documents.** Counsel for Nationwide shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this order. Counsel for Nationwide shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order. Beazer's counsel shall be provided with a copy of the record of persons reviewing or who have been given access of the documents designated as CONFIDENTIAL on a monthly basis along with all acknowledgments obtained during the month.

  e. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

  5. **Filing of Confidential Materials.** In the event Nationwide seeks to file any material that is subject to protection under this Order with the court, Nationwide shall take

appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of Beazer; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply.

Absent extraordinary circumstances making prior consultation impractical or inappropriate, Nationwide shall first consult with counsel for Plaintiff to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. Documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

6.     **Greater Protection of Specific Documents.**     Beazer may not withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless Beazer moves for an Order providing such special protection.

7.     **Challenges to Designation as Confidential.**     Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.     Whereas, Beazer having met its burden of demonstrating the need for confidentiality, if Nationwide contests the necessity of a CONFIDENTIAL designation Nationwide bears the burden of proving to the Court there is no such necessity.

    b.     If Nationwide contends that documents designated CONFIDENTIAL are not entitled to confidential treatment, it shall give written notice to Beazer of the specific

5

basis for the challenge. Beazer shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

 (1) Beazer withdraws such confidential designation in writing;

 (2) Beazer fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

 (3) the court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

8. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. However, the terms of this Order are subject to and shall not be construed to supersede the terms of any subsequent settlement agreement.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above shall be returned to

Beazer unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) Beazer and Nationwide stipulate in writing to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of Nationwide or its counsel, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, Nationwide's counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.   This work product continues to be confidential under the terms of this Order.

9. **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

10. **No Judicial Determination.**   This Order is entered based on the representations and agreements of Beazer and Nationwide and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

11. **Persons Bound.** This Order shall take effect when entered and shall be binding uponBeazer, Nationwide, and their respective counsel.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Dated: January 8, 2013
Florence, South Carolina

WE CONSENT:

s/L. Franklin Elmore
L. Franklin Elmore (Fed. ID # 718)
Kimila L. Wooten (Fed. ID # 5525)
Elmore Goldsmith, PA
55 Beattie Place, Suite 1050 (29601)
Post Office Box 1887
Greenville, South Carolina 29602
Telephone: (864) 255-9500
Facsimile: (864) 255-9505
felmore@elmoregoldsmith.com
kwooten@elmoregoldsmith.com
*Attorneys for Plaintiff Beazer Homes Corp.*

s/Timothy J. Newton
J.R. Murphy (Fed. I.D. # 3119)
Timothy J. Newton (Fed. I.D. # 9807)
MURPHY & GRANTLAND, P.A.
4406-B Forest Drive (29204)
Post Office Box 6648
Columbia, South Carolina 29260
Telephone:  (803) 782-4100
jmurphy@murphygrantland.com
tnewton@murphygrantland.com
*Attorneys for Nationwide Mutual Fire Insurance Company*

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BEAZER HOMES CORP., ) | Case No.: 4:10-cv-02419-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ACKNOWLEDGMENT OF** |
| HARTFORD FIRE INSURANCE ) | **UNDERSTANDING** |
| COMPANY; NATIONWIDE MUTUAL ) | **AND** |
| FIRE INSURANCE COMPANY; NGM ) | **AGREEMENT TO BE BOUND** |
| INSURANCE COMPANY; AMERICAN ) | |
| EMPIRE SURPLUS LINES INSURANCE ) | |
| COMPANY; CLARENDON AMERICA ) | |
| INSURANCE; USF INSURANCE ) | |
| COMPANY; ALEA LONDON, LTD.; ) | |
| CERTAIN INTERESTED ) | |
| UNDERWRITERS AT LLOYD'S, ) | |
| LONDON; CINCINNATI INSURANCE ) | |
| COMPANY; DISCOVER PROPERTY & ) | |
| CASUALTY INSURANCE COMPANY; ) | |
| ESSEX INSURANCE COMPANY; ) | |
| SCOTTSDALE INSURANCE COMPANY; ) | |
| SELECTIVE INSURANCE COMPANY OF ) | |
| SOUTH CAROLINA; UNION INSURANCE ) | |
| COMPANY; and WESTERN WORLD ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    The undersigned hereby acknowledges that he or she has read the Consent Protective Order dated [order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Consent Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action and in strict adherence to the terms of the Order, and not to disclose any such confidential information to any other person, firm or concern.

    The undersigned specifically acknowledges that under no circumstance without the prior written approval of the Plaintiff or prior Order of this Court, shall the undersigned disclose, distribute or disseminate such documents designated as CONFIDENTIAL to any attorney, insurance adjuster, or other individual involved in the underlying St. Andrews Action.

   The undersigned acknowledges that violation of the Consent Protective Order may result in penalties for contempt of court.

| MURPHY & GRANTLAND, P.A. | NATIONWIDE MUTUAL FIRE INSURANCE COMPANY |
|---|---|
| _____ | By: _____ |
| J.R. Murphy (Fed. I.D. # 3119) | |
| | Name: _____ |
| _____ | Job Title: _____ |
| Timothy J. Newton (Fed. I.D. # 9807) | |
| 4406-B Forest Drive (29204) | Business Address: _____ |
| Post Office Box 6648 | |
| Columbia, South Carolina 29260 | _____ |
| Telephone: (803) 782-4100 | |
| jmurphy@murphygrantland.com | _____ |
| tnewton@murphygrantland.com | |
| | |
| *Attorneys for Nationwide Mutual Fire Insurance Company* | Date: _____ |
| | |
| Date: _____ | |

2

**ATTACHMENT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| BEAZER HOMES CORP., ) | Case No.: 4:10-cv-02419-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATION OF COUNSEL** |
| HARTFORD FIRE INSURANCE ) | **OF NEED FOR ASSISTANCE OF** |
| COMPANY; NATIONWIDE MUTUAL ) | **PARTY/EMPLOYEE** |
| FIRE INSURANCE COMPANY; NGM ) | |
| INSURANCE COMPANY; AMERICAN ) | |
| EMPIRE SURPLUS LINES INSURANCE ) | |
| COMPANY; CLARENDON AMERICA ) | |
| INSURANCE; USF INSURANCE ) | |
| COMPANY; ALEA LONDON, LTD.; ) | |
| CERTAIN INTERESTED ) | |
| UNDERWRITERS AT LLOYD'S, ) | |
| LONDON; CINCINNATI INSURANCE ) | |
| COMPANY; DISCOVER PROPERTY & ) | |
| CASUALTY INSURANCE COMPANY; ) | |
| ESSEX INSURANCE COMPANY; ) | |
| SCOTTSDALE INSURANCE COMPANY; ) | |
| SELECTIVE INSURANCE COMPANY OF ) | |
| SOUTH CAROLINA; UNION INSURANCE ) | |
| COMPANY; and WESTERN WORLD ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to the Consent Protective Order entered in this action, most particularly the provisions of Paragraph 4(c)(1)-(4), I certify that the assistance of [name of assistant [att B]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Consent Protective Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑　　A named party;

❑　　An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date:  **[date attachment B signed]**　　　　　　　[Signature [attachment B]]
　　　　　　　　　　　　　　　　　　　　　　　　　　Signature

2